IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARADOX SECURITY SYSTEMS LTD., ET AL., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:06-CV-462 (TJW) |
| v. | § § | |
| ADT SECURITY SERVICES, INC., ET AL., | § § | |
| Defendants. | § § | |

**ORDER**

The Court held Jury Selection in this matter on April 6, 2009. Trial began on April 7, 2009. This order memorializes the Court's rulings on pending motions prior to and during the trial.

**I. Defendants' Motion to Strike Plaintiff Paradox's Lawyer Toledano from Tesifying at Trial (Dkt. No. 280):**

Defendants ADT and DSC moved the Court to strike plaintiffs from presenting as a trial witness their in-house lawyer, Ronald R. Toledano. In their response, plaintiffs indicated that Toledano would discuss issues of patent marking and licensing by Paradox. Defendants argued that plaintiffs had never identified the relevant subject matter of Toledano's knowledge or testimony. Further, defendants argued that following the Court's rulings on defendants' motions in limine, there remained no triable issue on which Toledano had any relevant information whatsoever. The Court agreed that Toledano should not be allowed to testify on issue other than

1

licensing. The initial designation by the plaintiffs of Toledano did not provide any notice to defendants that Toledano would provide testimony on matters other than those of "Legal and Business Development at Paradox." *See* Defendants' Motion, Ex. A. Further, plaintiffs had previously designated Isabelle Sauvageau as the corporate representative for Paradox on matters such as patent marking. Therefore, the Court GRANTED defendants' motion to the extent Toledano would be called to testify on matters other than those that he had been previously designated for or had been deposed on by the defendants. The Court DENIED defendants' motion to the extent that it related to any licensing issues.

### II. Plaintiffs Motion to Amend or Correct Court's April 3, 2009 Claim Construction Order (Dkt. No. 284):

Plaintiffs moved the Court to amend its supplemental claim construction order (Dkt. No. 281) to refer to an updated version of the annotated circuit diagram that was included in their motion in limine (Dkt. No. 223, Mtn #20). In its construction of the "combining circuitry" limitation of Claim 5 of the '406 patent, the Court had referred to the annotated figure provided by the plaintiffs in their motion in limine. Plaintiffs contend that their initial drawing was ambiguous with regard to the demarcation between the "line side" and the "equipment side" of the telephone line coupler shown in Figure 1 of the '406 patent. The new version of the annotated figure clearly shows this separation.

The Court DENIES plaintiffs' motion. The Court, however, acknowledges plaintiffs' submission.[1] The Court's claim construction of Claim 5 was based on plaintiffs' arguments in

---

[1] Defendants do not oppose the submission of the corrected drawing to update plaintiffs' earlier drawing.

2

their motion in limine. *See* Pltfs' Mtn, Dkt. No. 223 at 35 ("The adjective 'line side' modifies the adjacent noun-phrase 'transmit signal.'"). The Court noted, in a footnote, that plaintiffs' annotations to Figure 1 appear to be intended to support this argument. As noted in the claim construction order, the limitation is worded plainly and claims the "combining circuitry" which combines two signals and outputs a combined signal. The language used by the applicant clearly claims this circuitry on the line side. The Court therefore construed this circuitry to be claimed on the "line side."[2] Plaintiffs failed to propose any alternate construction of the limitation that would not render the claim insolubly ambiguous.[3] Therefore, plaintiffs' motion to amend the Court's earlier order is DENIED.

### III. Motion for Judgment as a Matter of Law by Monitronics International, Inc., Protection One, Inc., and ADT Security Services, Inc. (Dkt. No. 287):

The Court GRANTED this motion.

### IV. Motion for Judgment as a Matter of Law by Digital Security Controls, Ltd. (Dkt. No. 288):

The Court GRANTED this motion in part. The Court GRANTED the motion as to asserted patent claims 1, 2, 5, 6, 7, 9 of the '406 patent. The Court DENIED the motion as to

---

[2] The Court recognized that this claim construction did not encompass the preferred embodiment disclosed in the patent specification. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (holding that "[s]uch an interpretation is rarely, if ever, correct"). However, the Court cannot rewrite the claim to bring the preferred embodiment within its scope. *See Helmsderfer v. Bobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1383 (Fed. Cir. 2008) (citing *K-2 Corp. v. Salomon S.A.,* 191 F.3d 1356, 1364 (Fed. Cir. 1999)) ("Courts do not rewrite claims; instead, we give effect to the terms chosen by the patentee."); *see also Tex. Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1171 (Fed. Cir. 1993) ("[C]ourts can neither broaden nor narrow claims to give the patentee something different than what he has set forth.").

[3] The Court notes that neither party raised this issue until shortly before trial.

asserted claims 11 and 12 of the '406 patent. The parties subsequently stipulated to a directed verdict of non-infringement as to asserted claims 11 and 12 of the '406 patent. The Court approved the parties' stipulation. The Court will enter a Final Judgment in accordance with these rulings.

SIGNED this 13th day of April, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE