**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PARADOX SECURITY SYSTEMS, LTD., | § | |
| SHMUEL HERSHKOVITZ, AND PINHAS | § | |
| SHPATER, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2-06-cv-462 (TJW) |
| | § | |
| v. | § | |
| | § | |
| ADT SECURITY SERVICES, INC., | § | |
| DIGITAL SECURITY CONTROLS, LTD., | § | |
| MONITRONICS INTERNATIONAL, INC. | | |
| AND PROTECTION ONE, INC., | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Protection One, Inc.'s ("P1") Motion to Recover Attorney Fees Under 35 U.S.C. § 285. [Dkt. No. 324]  The Court has carefully considered the law and submissions of the parties.  By its Motion, the defendants seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.  The Court DENIES the Motion for the reasons expressed below.

### I.    Introduction

Plaintiffs Paradox Security Systems, Ltd. ("Paradox"), Shmuel Hershkovitz, and Pinhas Shpater (collectively "Plaintiffs") brought this patent lawsuit against P1 and other defendants. This Court entered a Judgment as a Matter of Law against Plaintiffs, finding that P1 did not infringe the asserted U.S. Patent No. RE39,406.

P1 filed this motion for attorneys' fees, arguing that Plaintiffs engaged in litigation misconduct.  Specifically, P1 argues that Plaintiffs asserted claims for lost profits and willful infringement in bad faith.  According to P1, Plaintiffs never intended to pursue those claims at trial.  Furthermore, P1 argues that Plaintiffs accused one of its products, the PC1550, knowing that it was non-infringing.  Paradox counters that it did not act in bad faith.

P1's motion also argues that Paradox engaged in discovery misconduct. Specifically, according to P1, Paradox engaged in gamesmanship and acted in bad faith when it offered only one corporate representative for seventeen Rule 30(b)(6) deposition topics. Included among P1's complaints is the fact that Paradox prevented P1 from asking one witness questions about certain embodying products, but thereafter attempted to elicit testimony on those same topics in court.[1]

P1 also complains that Plaintiffs acted in bad faith when it violated the Court's *in limine* order. During *voir dire*, Plaintiffs mentioned the parties' relative of the companies. During the trial, Paradox, although forbidden to do so, questioned its expert on infringement about the doctrine of equivalents. Plaintiffs argue that the violations were honest mistakes.

## II.    Discussion

In exceptional cases, the court may award reasonable attorneys' fees to the prevailing party. *See* 35 U.S.C. § 285. An award of attorneys' fees under Section 285 requires a two step analysis: (1) the party moving the court to award fees must prove by clear and convincing evidence that the case is exceptional; and (2) the court must determine whether such an award is warranted. *Interspiro USA, Inc. v. Friggie Int'l Inc.* 18 F.3d 927, 933 (Fed. Cir. 1994). Whether the award is warranted is within the trial court's discretion. *Id.* "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violated Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321–22 (Fed.Cir. 2006) (citations omitted). In the context prevailing accused infringers, fees are awarded under § 285 only in circumstances "in which it is necessary to prevent a 'gross injustice' to the accused

---

[1] This Court excluded the witness' testimony on those embodying products.

infringer." *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (quoting *Mach. Corp. of Am. V. Gullfiber AB*, 774 F.2d 467, 472 (Fed. Cir. 1985)).

In light of the entire record and the jury findings in this case, P1 has not established that this is an exceptional case. There is no evidence that Plaintiff's Counsel pursued claims of lost profits and willful infringement in bad faith. Furthermore, the claims against he accused product PC1550 do not rise to the level of gross injustice. P1's difficulties with two deposition witnesses do not constitute a pattern of discovery misconduct that would warrant finding this to be an exceptional case. Furthermore, there is no evidence that Plaintiffs violated the Court's *in limine* order in bad faith. This is not an exceptional case and attorneys' fees are not warranted here.

## III. Conclusion

P1 has not demonstrated by clear and convincing evidence that Plaintiffs engaged in litigation misconduct. P1 is therefore not entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

It is so ORDERED.

SIGNED this 7th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE